BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

U.S. COURTS

OCT 21 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JILLIAN MARIA SOLLID,<br><br>Defendant. | Case No. CR 25-0287-NAKB<br><br>**INDICTMENT**<br><br>18 U.S.C. § 981(a)(1)(D)<br>18 U.S.C. § 982(a)(2)<br>18 U.S.C. § 1343<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

**GENERAL ALLEGATIONS**

At times relevant to this Indictment:

1. The Defendant, JILLIAN MARIA SOLLID, ("SOLLID"), was a resident of Kootenai County, Idaho. She maintained multiple bank accounts in her name registered at her residence in Idaho. These included accounts with Idaho Central Credit Union ("ICCU") ending in 6652; an account with Citibank ending in 2423; and an account with Wells Fargo ending in 4492.

2. SOLLID was employed as the Controller for Business-1, a flooring company located in Grapevine, Texas.

INDICTMENT - 1

3. SOLLID worked remotely from her home located in Kootenai County, Idaho. As Controller, SOLLID was able to use her credentials to log into Business-1's bank accounts and their various banking systems used to refund customers and make ACH payments.

## COUNTS ONE THROUGH SIX
### Wire Fraud
### 18 U.S.C. § 1343

4. The Grand Jury re-alleges and incorporates by reference the allegations contained in paragraphs one through three of this Indictment as if fully set forth herein.

5. Beginning in or around at least November of 2023 and continuing until at least in or around September 30, 2024, in the District of Idaho and elsewhere, the Defendant, JILLIAN MARIA SOLLID, knowingly devised, intended to devise, and participated in a scheme, plan, and artifice to defraud as to material matters, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is a scheme to defraud Business-1, of money.

### Manner and Means

6. To further the objects and goals of the schemes, the Defendant, JILLIAN MARIA SOLLID, used the following manners and means, among others:

7. As Controller, SOLLID used her credentials to log into Business-1's banking system and bank accounts to create new payees using the names of prior customers. Often, she targeted prior customers who previously received refunds from Business-1.

8. After establishing the new accounts, SOLLID added her own bank account routing numbers and account numbers to the fraudulent accounts she created.

9. Once the payee was established, SOLLID initiated an interstate wire transfer of money from Business-1 to her own accounts. The amount she transferred generally matched what the prior customer had previously received as a legitimate refund from Business-1.

**INDICTMENT - 2**

10. Each fraudulent transfer SOLLID made as part of the scheme was less than $50,000. In her position as Controller, SOLLID was aware Business-1's policies did not require additional approvals for such transfers.

### Executions of the Scheme to Defraud

11. On or about the dates set forth below, in the District of Idaho and elsewhere, the Defendant, JILLIAN MARIA SOLLID, for the purpose of executing, and attempting to execute the scheme described above, did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate commerce the writings, signs, signals and sounds described below for each count, each transmission constituting a separate count of this Indictment:

| Count | Date (on or about) | Amount | Description of Wire |
|---|---|---|---|
| 1 | November 13, 2023 | $14,114.72 | Wire transfer from Business-1's account to SOLLID's Citibank account ending in 2423 |
| 2 | December 7, 2023 | $9,243.97 | Wire transfer from Business-1's to SOLLID's ICCU account ending in 6652 |
| 3 | September 5, 2024 | $3,734.43 | Wire transfer from Business-1's account to SOLLID's Wells Fargo account ending in 4492 |
| 4 | September 6, 2024 | $3,731.06 | Wire transfer from Business-1's account to SOLLID's Citibank account ending in 2423 |
| 5 | July 16, 2024 | $6,663.82 | Wire transfer from Business-1's account to SOLLID's ICCU account ending in 6652 |
| 6 | August 30, 2024 | $5,253.02 | Wire transfer from Business-1's account to SOLLID's Wells Fargo account ending 4492 |

All in violation of 18 U.S.C. § 1343.

### CRIMINAL FORFEITURE ALLEGATIONS
**Fraud Forfeiture**
**18 U.S.C. § 981(a)(1)(D); 18 U.S.C. § 982(a)(2); 28 U.S.C. § 2461(c)**

Upon conviction of the offenses alleged in Counts One through Six of this Indictment, the Defendant, JILLIAN MARIA SOLLID, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said Defendant

obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. <u>Real Property Subject to Forfeiture</u>. The real property, located as set forth below, including all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, and all equity in the same, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

2. <u>Personal Property</u>. The personal property, as set forth below, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

    a.    Bank Accounts:

        i)    All funds located in her Citibank checking account in the name of Jillian Maria Sollid ending 2423;

        ii)    All funds located in her Idaho Central Credit Union checking account in the name of Jillian Sollid ending 6652;

        iii)    All funds located in her Wells Fargo checking account in the name of Jillian M. Sollid and Edmund C. Sollid, Jr. ending in 4492.

3. <u>Unrecovered Cash Proceeds</u>. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The Defendant obtained and controlled at least $511,175,72 in unrecovered forfeitable property.

4. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

INDICTMENT - 4

    b.      Has been transferred or sold to, or deposited with, a third person;

    c.      Has been placed beyond the jurisdiction of the court;

    d.      Has been substantially diminished in value; or

    e.      Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 21st day of October, 2025.

A TRUE BILL

*/s/ [signature on reverse]*

_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*[signature: Traci J. Whelan]*
TRACI J. WHELAN
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 5